**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| RAMONA JONES, *as parent and guardian of Z.J., a minor,* | : | Case No. 1:25-cv-607 |
| | : | |
| | : | Judge Matthew W. McFarland |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MOUNT HEALTHY PREPARATORY AND FITNESS ACADEMY, et al., | : | |
| | : | |
| Defendants. | : | |

---

### ORDER AND OPINION

---

This matter is before the Court on Defendants' Motion for Judgment on the Pleadings (Doc. 7) and Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 12). Both matters are fully briefed and ripe for review. (*See* Docs. 10, 11, 13, 14.) For the following reasons, the Court **GRANTS** Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 12) and **DENIES AS MOOT** Defendants' Motion for Judgment on the Pleadings (Doc. 7).

### BACKGROUND

Plaintiff Ramona Jones, as parent and guardian of Z.J., a minor, filed her original Complaint (Doc. 3) in the Hamilton County, Ohio Court of Common Pleas on July 17, 2025. (*See* Complaint, Doc. 3, Pg. ID 26.) Defendants Mount Healthy Preparatory and Fitness Academy, Jillian Brown, and Kena Mills jointly removed the action to this Court on August 20, 2025. (*See* Notice of Removal, Doc. 1.) Defendants subsequently filed a

Motion for Judgment on the Pleadings (Doc. 7), which is directed at the original Complaint (Doc. 3). Plaintiff filed a Response in Opposition (Doc. 10) to the Motion for Judgment on the Pleadings, to which Defendants filed a Reply in Support (Doc. 11). Then, on December 31, 2025, Plaintiff filed a Motion for Leave to File First Amended Complaint (Doc. 12). Defendants filed a Response in Opposition (Doc. 13) to the Motion for Leave to File First Amended Complaint, to which Plaintiff filed a Reply in Support (Doc. 14). Both pending motions are thus fully briefed and ripe for the Court's review.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 15 dictates that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The liberal granting of amendments promotes the resolution of cases on their merits—not the technicalities of pleadings. *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982). In deciding a motion to amend, courts may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). "The party (or parties) opposing the motion to amend a pleading bears the burden of establishing that the proposed amendment would be futile." *Runser v. City of Dayton*, No. 3:21-CV-160, 2021 U.S. Dist. LEXIS 229572, at *4 (S.D. Ohio Dec. 1, 2021).

In their Response, Defendants argue that Plaintiff's proposed amendments are futile, as Plaintiff still fails to state a claim to relief that is plausible on its face. (*See* Response, Doc. 13, Pg. ID 132.) Defendants' Response, though, largely references and incorporates arguments made in Defendants' Motion for Judgment on the Pleadings (Doc. 7). However, the Court looks not to the futility of the claims brought in the original Complaint, but instead considers the futility of the claims brought in the proposed Amended Complaint (Doc. 12-1). While the Response does reference some of the added material in the proposed Amended Complaint, the Court declines to adjudicate this matter based on the piecemeal briefing before it. Thus, "[a]lthough it is unclear based on the submissions to the Court whether Plaintiff may have a viable cause of action against [Defendants], the Court finds that [Defendants have] not met [their] burden of establishing that the proposed amendment would be futile." *Runser v. City of Dayton*, No. 3:21-CV-160, 2021 U.S. Dist. LEXIS 229572, at *4 (S.D. Ohio Dec. 1, 2021). The Court therefore concludes that the most efficient way to address the issues relating to the sufficiency of Plaintiff's allegations "is to permit amendment and then allow [D]efendants an opportunity to file a motion to dismiss the . . . amended complaint if they desire to do so." *Nichols v. Vill. of Minerva*, No. 5:14-CV-613, 2015 U.S. Dist. LEXIS 22827, at *6–7 (N.D. Ohio Feb. 25, 2015).

*     *     *

Before concluding, there is one final matter for the Court to address. Defendants' Motion for Judgment on the Pleadings (Doc. 7), which relates to the original Complaint (Doc. 3), remains pending. As Plaintiff will soon file an amended complaint, any motion

pertaining to the original Complaint is subject to dismissal as moot. *Clark v. Johnston*, 413 F. App'x 804, 811 (6th Cir. 2011) (noting that "[w]hen a pleading is amended . . . the amended pleading supersedes the original pleading, . . . the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading"); *Dawkins v. W. Chester Twp.*, No. 1:23-CV-464, 2024 U.S. Dist. LEXIS 162610, at *5 (S.D. Ohio Sep. 10, 2024); *Cowan v. Nationwide Mut. Ins. Co.*, No. 2:19-CV-1225, 2019 U.S. Dist. LEXIS 243172, at *5 (S.D. Ohio Aug. 15, 2019). Therefore, Defendants' Motion for Judgment on the Pleadings (Doc. 7) is denied as moot.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

1. Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 12) is **GRANTED**;

2. Defendants' Motion for Judgment on the Pleadings (Doc. 7) is **DENIED AS MOOT**; and

3. Plaintiff **SHALL FILE** her First Amended Complaint within seven (7) days of this Order.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND

4